IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ELVIN TYRONE JOEL SCOTT**                                                               **PLAINTIFF**

V.                                    CASE NO.  4:22-cv-00071 JM

**DON BOURNE,** *et al.*                                                                      **DEFENDANTS**

## ORDER

Plaintiff Elvin Scott, in custody in the Pope County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Scott sued District Judge Don Bourne, Circuit Judge James Dunnun, Pope County Detention Center Officer Billy Hudsdeth, Public Defender Carroll Collins, Prosecuting Attorney Jeff Phillips, and Doe Pope County Officers in their personal and official capacities alleging he was illegally arrested and unlawfully jailed pending trial.  (Doc. 1). Scott seeks damages and release from jail.

At the time he filed suit, Scott was facing state criminal charges for aggravated assault and possession of drug paraphernalia in Pope County, Arkansas. *See State v. Scott*, 58CR-22-30 (Criminal Information). In his complaint, Scott argued, among other things, that his state charge for aggravated assault was frivolous and unsupported by the facts. On January 28, 2022, the Court granted Scott's motion to proceed *in forma pauperis* but stayed his case until his pending state-court criminal charges could be resolved. (Doc. 5). On March 7, 2022, Scott pleaded guilty to possession of drug paraphernalia, and his aggravated assault charge was dismissed. *See State v. Scott*, 58CR-22-30 (Sentencing Order). Scott now moves to re-open his case. (Doc. 7).  Scott's motion is granted.  The Court directs the Clerk to lift the stay and re-open this case.

**I.      Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e),

and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e);      28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). However, FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

    II.    **Scott's Claims**

On November 16, 2021, Scott states he called the police after being attacked by two adults. (Doc. 1 at 10). According to Scott, when one adult attacked him with a belt, he pulled out his pocket knife to keep them at bay. (*Id.*). Despite Scott's explanation to the Doe responding officers that he only pulled his knife in self-defense, Scott was arrested and charged with aggravated assault. A public record review of the affidavit in support of the arrest warrant reveals

that, when the officers patted Scott down incident to arrest, a glass pipe with suspected drug residue was discovered in his pants. *State v. Scott*, 58CR-22-30 (Criminal Information). As mentioned above, Scott has since pleaded guilty to possession of drug paraphernalia, and the aggravated assault charge was dismissed. (*Id*. (Sentencing Order)).

Scott argues that the Doe Officers unlawfully arrested and falsely imprisoned him. (Doc. 1). Scott also argues that Pope County Detention Center Officer Billy Hudsdeth unlawfully kept the cash bond his family posted. (Doc. 1 at 7). Scott next suggests that Prosecuting Attorney Jeff Phillips, District Court Judge Don Bourne, and Officer Hudsdeth conspired to deprive him of due process. (*Id*. at 8). Finally, Scott appears to argue that Judge Dunnun, Prosecutor Phillips, and Public Defender Carroll Collins acted unprofessionally and withheld evidence. (*Id*. at 8-9).

**III.    Discussion**

As explained in more detail below, Scott's claims fail to state a claim on which relief may be granted because they are barred by the Supreme Court's ruling in *Heck v. Humphrey* and, in large part, barred by immunity.

**A.    *Heck v. Humprhey***

Scott seeks damages and release from prison arguing essentially that the Doe Officers had no probable cause to arrest him and then falsely imprisoned him with the full approval of the government lawyers and judges on unsubstantiated charges. Scott's guilty plea and conviction, however, precludes any challenge to probable cause. *Brown v. Willey*, 391 F.3d 968, 969 (8th Cir. 2004). Too, if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of a state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78

3

(1994). Here, a finding in Scott's favor would necessarily call into question the validity of his conviction, and, nothing in Scott's pleadings indicates that his conviction has been called into question by the issuance of a federal writ of *habeas corpus*. Accordingly, Scott's damages claims challenging to the lawfulness of his arrest are barred under the Supreme Court's ruling in *Heck*. Further, Scott's request for release from incarceration is not available in this civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

      **B.**      **Immunity**

Additionally, immunity bars most of Scott's official and personal capacity claims. Scott's official-capacity claims against Judges Bourne and Dunnun, Public Defender Collins, and Prosecutor Phillips fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id*. Because the above-named defendants are officials of the State of Arkansas, they cannot be considered "persons" in their official capacities for the purposes of § 1983. Accordingly, Scott's official-capacity claims against them must be dismissed.

Further, absolute immunity bars Scott's personal-capacity claims against Judges Bourne and Dunnun. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judge acts outside of his judicial capacity or when his actions are taken in complete absence of all jurisdiction. *Id*., 502 U.S. at 11-

12. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted).  Nothing in Scott's compliant supports an allegation that either Judge Bourne or Dunnun acted outside of his judicial capacity or in complete absence of jurisdiction.  Accordingly, absolute immunity applies, and any claims Scott has for damages against Judges Bourne and Dunnun in their personal-capacity claims must be dismissed. Similarly, no individual-capacity constitutional claims can proceed against either Public Defender Collins or Prosecutor Phillips for conduct taken in their roles. *See Polk County v. Dodson*, 545 U.S. 312, 321 (1981) (public defender immunity); *see also Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (prosecutor immunity).

  C. **Conspiracy Claim**

  Reading Scott's complaint liberally, he loosely argues Prosecuting Attorney Phillips, Judge Bourne, and Officer Hudsdeth conspired to deprive him of due process. To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Scott, however, offers no actual knowledge of a civil rights conspiracy instead resting his claims on a one-sentence conclusion. *See Liscomb v. Boyce*, 954 F.3d 1151, 1155-56 (8th Cir. 2020). Scott's conspiracy claims against these defendants are denied due to his failure to state a claim.

### D. Remaining Claim

Scott's only remaining claim lies against Officer Hudsdeth, wherein he asserts Officer Hudsdeth unlawfully kept bond money. A prisoner cannot bring a § 1983 due process claim for the loss of his personal property when the State offers a post-deprivation remedy to address the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, Scott can bring a conversion action in state court. Accordingly, the Court declines to exercise jurisdiction over Scott's sole-remaining state law claim. *See Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020).

### IV. Conclusion

1. Scott's claims are barred by *Heck*, immunity principals, or fail to state a claim on which this Court can exercise jurisdiction.

2. Scott's complaint is dismissed without prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 26th day of April, 2022.

_____
UNITED STATE DISTRICT JUDGE